UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM PRINTY,

      Plaintiff(s),                                      Case No. 09-14625

v.                                                    Hon. Nancy G. Edmunds

GMAC MORTGAGE and SPECIALIZED
LOAN SERVICING, LLC,

      Defendant(s).
_____/

**OPINION AND ORDER GRANTING DEFENDANT GMAC's MOTION TO DISMISS [9] AND GRANTING DEFENDANT SPECIALIZED LOAN SERVICING, LLC's MOTION FOR SUMMARY JUDGMENT / DISMISSAL [10]**

This matter comes before the Court on Defendant GMAC's motion to dismiss for failure to state claims upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6); and Defendant Specialized Loan Servicing, LLC's (SLS) motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56 or, in the alternative, for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motions are GRANTED.

**I.    Facts**

In 2007, Plaintiff William Printy obtained two mortgage loans from non-party lender GreenPoint in connection with the refinancing of his home–commonly known as 42681 Five Mile Road, Plymouth, Michigan (Property). On January 18, 2007, Plaintiff obtained a first

mortgage loan, in the amount of $176,000,[1] which is serviced by GMAC. (Compl. ¶¶ 7, 8.) On that same date, Plaintiff obtained a second mortgage loan on the Property, in the amount of $22,000,[2] which is serviced by SLS. (Compl. ¶¶ 7, 8.) As security for the loans, Plaintiff executed promissory notes and mortgages. Neither GMAC nor SLS originated either of the loans or participated in the closing.

On November 6, 2009, Plaintiff filed suit in the Wayne County Circuit Court making various allegations against Defendants concerning the January 2007 mortgage loan transactions. (Notice of Removal ¶¶ 4-5; Compl. ¶¶ 18, 21.) Plaintiff seeks rescission and damages.

Defendants removed the case to this Court on November 25, 2009 on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331. (Notice of Removal ¶¶ 3-4.)

This matter is before the Court on Defendant GMAC's motion to dismiss for failure to state claims upon which relief can be granted and Defendant SLS's motion for summary judgment or, in the alternative, for dismissal.

## II. Standard

Defendants bring its motions pursuant to Federal Rule of Civil Procedure 12(b)(6), although both parties rely on documents referred to in the Complaint. A Rule 12(b)(6)

---

[1] Plaintiff alleges in his Complaint that the loan was for $188,294.14 and was originated on January 18, 2008. (Compl. ¶ 7.) The mortgage documents, however, state that the loan was for $176,000.00 and was originated on January 18, 2007. (Def. SLS's Mot., Ex. B.) These discrepancies are not relevant to the disposition of this matter.

[2] Plaintiff alleges in his Complaint that the loan was for $19,678.31 and was originated on January 18, 2008. (Compl. ¶ 7.) The mortgage documents, however, state that the loan was for $22,000 and was originated on January 18, 2007. (Def. SLS's Mot., Ex. C.) These discrepancies are not relevant to the disposition of this matter.

2

analysis generally forbids a court from considering documents outside the pleadings, *Gunasekera v. Irwin*, 551 F.3d 461, 469 n.4 (6th Cir. 2009); however, when "a document is referred to in the complaint and is central to the plaintiff's claim ..., the defendant may submit an authentic copy to the court to be considered on a motion to dismiss." *Greenberg v. Life Insurance Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (quoting 11 James Wm. Moore *et al.*, Moore's Federal Practice § 56.30[4] (3d ed. 1998)) (internal quotations omitted). Even if the Court were to address Defendants' motion under Federal Rule of Civil Procedure 56 summary judgment standard, it would not alter the Court's analysis.

### A. Rule 12(b)(6) Motion to Dismiss Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks

and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

**B. Rule 56 Motion for Summary Judgment**

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an

element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

**III.   Analysis**

Plaintiff filed this consumer lending case, making various allegations against Defendants concerning two mortgage loan transactions executed in January 2007. In Count II[3] of his Complaint, Plaintiff alleges that Defendants violated the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq.*, specifically the Home Ownership and Equity Protection Act (HOEPA), 15 U.S.C. §§ 1639(b)(3), (h), by extending Plaintiff credit without regard to his ability to repay and by refusing to modify the terms of the loan as required by law.

---

[3] There is no Count I pled in the Complaint.

Plaintiff's Complaint—although not clearly articulated—also appears to allege claims of fraud and predatory lending.

To support these allegations, Plaintiff alleges that "the loan application contained material misstatements of fact relating to Plaintiffs' [sic] ability to make the mortgage ... payments," that "the loan application erroneously states information unknown to Plaintiff," and that "the loan did not identify that the loan was adjustable." (Compl. ¶¶ 10-12.) Plaintiff also claims that "Defendants ... took advantage of Plaintiff['s] inferior bargaining power in order to lock Plaintiff into [a] severely unfavorable and one-sided ... Mortgage," "[t]hat Defendants did not reveal all material terms of the" loan transaction to him, "that the payment amounts were greater than disclosed," "that Plaintiff could not ... afford to pay the monthly ... payments," "[t]hat Defendants induced Plaintiff into obtaining the loan ... by promising that Plaintiff's payments would be lower than he [sic] turned out to be and that Plaintiff would be able to sell the property for at least the amount borrowed, or otherwise refinance the loan." (Compl. ¶¶ 26-30.) Plaintiff also alleges that Defendants engaged in predatory lending practices by "induc[ing] Plaintiff into purchasing the subject property by creating a mortgage market environment with high and constantly increasing false property values." (Compl. ¶¶ 31-32.)

Defendants contend that the Complaint "was filed as a 'foreclosure saver' attempt, primarily to coerce/intimidate the mortgagee and to obtain a bargaining advantage in his attempts to restructure/modify the loans." (Def. SLS's Mot. at 14.) In its motions, Defendants argue, *inter alia*, that: (1) Plaintiff has failed to state a claim for either damages or rescission under TILA or HOEPA; (2) Plaintiff's TILA and HOEPA claims are barred by the applicable one-year statute of limitations for damages; (3) Plaintiff's predatory lending

claim is not recognized under Michigan law; and (4) the allegations of fraud are not plead with particularity as required by Federal Rule of Civil Procedure 9(b).

## A. TILA and HOEPA

In Count II of his Complaint, Plaintiff alleges that Defendants violated 15 U.S.C. § 1639(h)[4]—in extending credit without regard to his payment ability—and 15 U.S.C. §§ 1639(b)(3)[5]—in failing or refusing to modify the terms of the loan as Plaintiff was experiencing a bona fide financial emergency. Under both the HOEPA and TILA, Plaintiff has requested damages and rescission.

### 1. Damages: Barred by Statute of Limitations

Defendants argue that the statute of limitations bars Plaintiff's claims under HOEPA and TILA. In response, Plaintiff argues that the statutory period has not run, or in the alternative, that his claims are subject to equitable tolling.

TILA's one-year statute of limitations, codified at 15 U.S.C. § 1640(e), also applies to HOEPA claims. *See* 15 U.S.C. §§ 1639, 1640(e). Section 1640(e) states: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[T]he statute of limitations begins to run 'when the plaintiff has a

---

[4] Section 1639(h) provides: "A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment."

[5] Section 1639(b)(3) provides: "The Board may, if it finds that such action is necessary to permit homeowners to meet bona fide personal financial emergencies, prescribe regulations authorizing the modification or waiver of rights created under this subsection, to the extent and under the circumstances set forth in those regulations."

complete and present cause of action' and thus 'can file suit and obtain relief.'" *Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp of Cal., Inc.*, 522 U.S. 192, 201 (1997) (internal quotations omitted)). Plaintiff obtained the loans on January 18, 2007, and did not file the instant lawsuit until November 6, 2009. This action was not commenced within one year, and the statutory period has, thus, run. Damages, therefore, based on the January 2007 loans are barred by the statute of limitations. *See id*.

Plaintiff argues that the doctrine of equitable tolling should bar the application of the statute of limitations to their claims. The Sixth Circuit has held that § 1640(e) is subject to equitable tolling "in appropriate circumstances," such as fraudulent concealment. *Borg v. Chase Manhattan Bank USA, N.A.*, 247 F. App'x 627, 635 (6th Cir. 2007) (quoting *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1043 (6th Cir. 1984)). In applying equitable tolling to the "'doctrine of fraudulent concealment, the limitations period runs from the date on which the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation.'" *Id.* The Sixth Circuit has explained that to toll the limitations period on the basis of fraudulent concealment, "a plaintiff must show '(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.'" *Hamilton County Bd. of Comm'rs v. NFL*, 491 F.3d 310, 315 (6th Cir. 2007) (quoting *Dayco Corp. v. Goodyear*

*Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975)). Further, the alleged acts giving rise to the TILA and HOEPA claims cannot, standing alone, also support equitable tolling.[6]

The sole basis of Plaintiff's argument in support of equitable tolling is that "[w]ithout being provided with the information, Plaintiff was unaware of his rights." (Pl.'s Resp. to Def. SLS's Mot. at 13-14.) Plaintiff's conclusory allegation, in response to Defendants' motion, regarding equitable tolling is insufficient to warrant equitable tolling. Plaintiff does not present any arguments or authority nor explain why the facts of this case should receive the benefit of equitable tolling. Plaintiff does not allege any wrongful concealment on the part of Defendants, or due diligence on his part, to require the Court to toll the statutory period. Moreover, the loan documents that Plaintiff signed set forth the terms of the loan, including interest rates and monthly payments. (Def. SLS's Mot., Exs. B, C.) The TILA disclosure indicates that the loan has a variable rate feature, and the loan documents specifically state when and how the interest rate would change. (Def. SLS's Mot., Exs. B-E; Def. GMAC's Mot., Exs. 1-4.) The fact that the loan terms were plainly disclosed militates against invoking equitable tolling. *See Mills v. Equicredit Corp.*, 294 F.Supp.2d 903, 908 (E.D. Mich. 2003).

---

[6] *See In re Community Bank of Northern Virginia*, 467 F.Supp.2d 466, 479 (W.D. Pa. 2006) ("[T]he fraudulent act(s) that provide the factual predicate for the claim, i.e. inaccurate loan documents, cannot also satisfy the factual predicate justifying equitable tolling. To so hold would render the statute of limitations meaningless for fraud by its nature requires a deceit thus, to state a case for fraud would always suffice to state a case for fraudulent concealment. Rather, the Objectors must show the defendants took some active steps to mislead the borrowers with the result the borrowers were lulled into sitting on their right of redress. Restated, fraudulent concealment requires some additional affirmative fraudulent act to perpetuate the concealment. Mere inaction or silence is not sufficient.") (internal citations omitted).

Because Plaintiff's claims are time-barred and the doctrine of equitable tolling does not apply, the Court grants Defendants' motions as to Plaintiff's TILA and HOEPA claims for damages.[7]

## 2. Rescission: Plaintiff has Failed to State a Claim

In addition to damages, Plaintiff has requested that the Court grant relief in the form of rescission. Although not enumerated as a separate count, Plaintiff alleges that rescission of the loans is appropriate. Plaintiff makes the following sole allegation: "Plaintiff hereby invokes his right to rescind the transaction at issue in this litigation." (Compl. ¶ 24.) Plaintiff, however, pleads no facts to support the rescission of either loan.

---

[7] Defendants argue in the alternative, and this Court agrees, that Plaintiff's Complaint fails to even allege a violation of 15 U.S.C. §§ 1639(b)(3), (h).

Plaintiff claims that Defendants violated 15 U.S.C. § 1639(b)(3), which Plaintiff asserts "requires Defendant to modify the terms of Plaintiff's loan as Plaintiff are [sic] experiencing a bona fide financial emergency." (Compl. ¶ 18.) This assertion is erroneous, and misstates the language of the statute. By its plain language, the statute does not authorize Defendants to take any action. Instead, the statute authorizes the Board of Governors of the Federal Reserve to create regulations allowing the modification or waiver of the three-day waiting period implemented for borrower protection by § 1639(b)(1). 12 C.F.R. § 226.31(c)(1)(iii); *see also Breitmeyer v. CitiMortgage, Inc.*, No. 09-11560, 2009 WL 3628005, at * 5 (E.D. Mich., Oct. 30, 2009) ("[Section 1639(b)(3) does not create a cause of action for which Defendant might be liable. It simply authorizes the issuance of regulations.").

Plaintiff also fails to state a claim under 15 U.S.C. § 1639(h). Section 1639(h) requires the showing of a "pattern and practice" of extending loans without regard to a borrower's ability to pay. Plaintiff makes no such allegation, and a single instance of an alleged violation will not suffice. *Newton v. United Cos. Fin. Corp.*, 24 F. Supp. 2d 444, 456 (E.D. Pa. 1998) (holding in a HOEPA action that a "selection of seven individual cases out of the universe of [defendant's] loan portfolio is not persuasive of a pattern or practice."); *see also Williams v. GM Mortgage Corp.*, No. 03-74788, 2004 WL 3704081, at * 9 (E.D. Mich. Aug. 18, 2004) ("Even accepting as true Plaintiff's allegation, one incident of non-verification is a wholly insufficient basis upon which to base a claim of a 'pattern and practice.'"); *Breitmeyer*, 2009 WL 3628005, at * 5 ("Plaintiffs may not state a claim under this provision by relying solely on their own mortgage loan because such an allegation fails to allege a 'pattern or practice' under the statute").

Following the consummation of certain loan transactions, a borrower is given a three-day period in which he may rescind. 15 U.S.C. § 1635(a). When there is "a failure to make all material disclosures" the right to rescind is extended beyond three days up to three years. *Cox v. First Nat'l Bank of Cincinnati*, 751 F.2d 815, 817 (6th Cir. 1985); *see also* 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3).

Plaintiff has failed to plead any facts supporting the rescission of his loans. Plaintiff merely alleges, without providing any details, that there were unspecified misstatements on various loan documents. (Compl. ¶¶ 10-11.) Such a blanket assertion of wrongdoing is insufficient to survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). *See Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555); *Iqbal*, 129 S. Ct. at 1949. Indeed, Plaintiff signed both a Truth in Lending Disclosure Statement and a Notice of Right to Cancel on January 18, 2007. (Def. GMAC's Mot., Exs. 3-4; Def. SLS's Mot., Ex. D.) To the extent Plaintiff alleges that the variable rate nature of his loan was not disclosed to him, this is directly contradicted by the multiple documents that he signed, which indicate that the loan has a variable interest rate. Further, to the extent Plaintiff claims that the rescission period should be extended due to the allegations in Count II, violations of 15 U.S.C. §§ 1639(b) and (h) alone do not support rescission because neither provision concerns disclosure requirements. *See Cox*, 751 F.2d at 817 (6th Cir. 1985); 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3) (extending the right of rescission beyond three days "[i]f the required notice or material disclosures are not delivered."). Plaintiff, therefore, may not rescind either loan.

Because Plaintiff has failed to state a claim, the Court will grant Defendants' motions as to Plaintiff's claims for rescission.[8]

### B. Predatory Lending: Not Recognized under Michigan Law

Although he has not articulated a specific count of predatory lending, to the extent that Plaintiff argues that predatory lending should be a viable state-law cause of action, this Court holds that Michigan does not recognize such a claim. *See Saleh v. Home Loan Services, Inc.*, No. 09-10033, 2009 WL 2496682, at *2 n.1 (E.D. Mich. Aug.17, 2009); *see also Beydoun v. Countrywide Home Loans, Inc.*, No. 09-10445, 2009 WL 1803198, at *4 (E.D. Mich. June 23, 2009). When adjudicating state-law claims, this Court is required to decide an issue of state law as would the highest court of the state. *Combs v. International Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004). Plaintiff has failed to proffer authority to support a conclusion that the Michigan Supreme Court would recognize an independent tort claim of "predatory lending." Accordingly, Plaintiff's predatory lending claim is dismissed.

### C. Fraud Claims: Not Plead with Particularity

Although he has not articulated a specific count of fraud, to the extent Plaintiff asserts claims based upon alleged concealment or misrepresentations made by Defendant, the

---

[8] *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, ___ U.S. ___, 129 S. Ct. 1862, 1867 (2009) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims."); *see also* 13D C. Wright, Federal Practice and Procedure § 3567.3 (3d ed. 2008) ("Once it has dismissed the claims that invoked original bases of subject matter jurisdiction, all that remains before the federal court are state-law claims .... The district court retains discretion to exercise supplemental jurisdiction [over them]."). To the extent that Plaintiff has asserted state-law claims, this Court will exercise supplemental jurisdiction over Plaintiff's state-law claims.

Court finds that these claims must be dismissed because Plaintiff has failed to properly allege any cognizable fraud.

To meet the particularity requirements of Rule 9(b), Plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 883 (N.D. Ohio 1998). At a minimum, Plaintiff "must allege the time, place and contents of the misrepresentations upon which they relied." *Id*. Further, to survive a Rule 12(b)(6) motion to dismiss, Plaintiff's pleadings must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's allegations fail to meet these requirements.

Moreover, Plaintiff cannot plead fraud against either Defendant because neither GMAC nor SLS was involved in the origination of the loans and therefore could not have made the representations upon which any fraud claim may be based.[9]

---

[9] To the extent Plaintiff asserts that there is an "agency" relationship between Defendants and the originating lender (non-party GreenPoint), Plaintiff's Complaint pleads no facts suggesting the existence of such a relationship. *See Jaafar v. Homefield Financial, Inc.*, No. 09-12832, 2009 WL 3602091, at *2 (E.D. Mich. Oct. 27, 2009) ("Plaintiff's claims in this case derive from alleged misrepresentations and omissions at the time Plaintiff secured her senior and junior mortgages-i.e. at the time of origination. SLS, however, is merely a servicer of Plaintiff's junior mortgage and was not involved in the origination of the loan. ... [T]here is no evidence in the record nor factual allegations in the complaint suggesting that Homefield originated the junior loan on behalf of SLS. In other words, Plaintiff has failed to plead factual content that allows the Court to draw the reasonable inference that the SLS is liable for the misconduct alleged.") Again, Plaintiff cannot rely solely upon unsupported conclusions of law to survive a motion to dismiss. *See Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949.

**IV. Conclusion**

For the foregoing reasons, Defendants' motions are hereby GRANTED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 11, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 11, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

14